GUIDRY, Judge,
dissenting.
I respectfully disagree with my brethren of the majority in their conclusion that the decedent, at the time his credit application was received, misstated his age with actual intent to deceive. There is no evidence in the record indicating that the decedent had knowledge of the age limitations for procuring the credit life insurance. On the other hand, Mr. Tidwell, the business manager for Walker, knew the policy restrictions but made no effort to determine the applicant’s eligibility when it should have been apparent to him that decedent was at least near the age limitation. Although the record clearly shows that the decedent misstated his age, this misstatement, whether intentional or not, was made in connection with the credit application and before any discussion with regard to credit life insurance. When credit life insurance was later discussed it would have been a simple matter for Mr. Tidwell to explain the age limitations to the decedent and to then reaffirm that the decedent was, in fact eligible or ineligible for insurance. In sum, I would conclude that the decedent cannot be held to have misrepresented his age with an intent to deceive where the record does not reflect that the decedent was aware of the age limitations applicable to the Occidental policy.
For these reasons I respectfully dissent.